# In the United States Court of Federal Claims

No. 20-41C
(Filed March 30, 2020)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * *
                                 *
                                 *
ZAFER TAAHUT, INSAAT VE          *
TICARET A.S.,                    *
                                 *
            Plaintiff,           *
                                 *
     v.                          *
                                 *
THE UNITED STATES,               *
                                 *
            Defendant,           *
                                 *
     and                         *
                                 *
WARBUD SKE JOINT VENTURE,        *
                                 *
            Defendant–Intervenor.*
                                 *
                                 *
* * * * * * * * * * * * * * * * *
```

## ORDER

     As was explained at the outset of today's hearing, the Court has **GRANTED** defendant's motion to supplement the administrative record, ECF No. 45, and has **DENIED** plaintiff's motion to strike the Rohling declaration, ECF No. 50. Regarding the former, the Federal Circuit has held that supplementation is appropriate when "necessary in order not 'to frustrate effective judicial review.'" *Axiom Res. Mgmt., Inc. v. United States*, 564 F.3d 1374, 1381 (Fed. Cir. 2009) (quoting *Camp v. Pitts*, 411 U.S. 138, 142–43 (1973)). We have long recognized the need to supplement an administrative record with "relevant information that by its very nature would not be found in an agency record—such as . . . information relied upon but omitted from the paper record, or the content of conversations." *Orion Int'l Techs. v. United States*, 60 Fed. Cl. 338, 343–44 (2004) (footnotes omitted). The contracting officer's declaration that the government seeks to add to the administrative record is necessary for meaningful

-2-

review of his decision to extend the proposal deadline, as it concerns his discussion with the contract specialist that was the basis for that decision. *See* Decl. of Contracting Officer, ECF No. 45-1, ¶¶ 4–7. Thus, supplementation of the administrative record with this document is appropriate.

Regarding the other motion, there is no basis for striking the Rohling declaration, which was submitted to be part of the court's record, not the administrative record. Information which bears on the non-merits factors that are considered for injunctive relief is typically not found in an administrative record, but in other materials submitted by the parties. *See East West, Inc. v. United* States, 100 Fed. Cl. 53, 57–58 (2011). The Rohling declaration was submitted for that purpose, as was the declaration of plaintiff's chief executive officer. *See* Yagci Decl., ECF No. 39-23.

For the above reasons, and as further explained on the record during today's hearing, the government's motion to supplement is **GRANTED** and plaintiff's motion to strike is **DENIED**.

**IT IS SO ORDERED.**

                                               s/ Victor J. Wolski
                                               **VICTOR J. WOLSKI**
                                               Senior Judge